IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DEMARIO EATMAN,  )<br>  )<br>Defendant.  )<br>_____)  | Case No.  07-20057-CM |

**ORDER**

On February 8, 2011, this court sentenced defendant to 180 months imprisonment. Defendant appealed his sentence, and the Tenth Circuit issued its mandate on March 2, 2012, dismissing defendant's appeal and granting defense counsel's motion to withdraw.  Pending before this court is defendant's Petition for Documents Without Prepayment (Doc. 95) and Letter to the Clerk Requesting Discovery Pursuant to the Freedom of Information Act (Doc. 96).  For the reasons set out below, this court denies defendant's motion without prejudice.

Defendant requests the following documents for "appeal": (1) "[a]ny and all discovery material relating to the case"; (2) "[t]he police report, and proffer statements;" and (3) "[s]entencing transcript."  (Doc. 95 at 3.)  Pursuant to 28 U.S.C. § 753(f), defendant is entitled to a free copy of a hearing transcript if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  *See also United States v. Cline*, Nos. 04-3400-SAC, 00-40024-03-SAC, 2007 WL 2071762, at *2 (D. Kan. July 18, 2007) (quoting *Brown v. New Mex. Dist. Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar 19, 1998)) (citing *United States v. MacCollom*, 426 U.S. 317 (1976)).  Defendant

does not have the right to a free transcript simply out of desire to search the record for errors. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *MacCollom*, 426 U.S. at 326–27). Defendant must show a particularized need for copies of the transcripts. *United States v. Bennett*, No. 06-20056-10-KHV, 2009 WL 3644920, at *1 (D. Kan. Oct. 30, 2009) (citing *United States v. Sistrunk*, 992 F.2d 258, 260 (10th Cir. 1993)). Defendant does not satisfy the requirements of 28 U.S.C. § 753(f) by making general statements regarding counsel's ineffectiveness. *Cline*, 2007 WL 2071762, at *2 (citing *MacCollom*, 426 U.S. at 326–27)). However, the court may authorize defendant's attorney to provide copies of any transcripts to defendant at his own expense. *United States v. Lacey*, No. 89-20054-01-SAC, 1999 WL 316904, at *2 (D. Kan. Apr. 14, 1999) (authorizing defendant's attorney to provide copies of transcripts to defendant if defendant's attorney possessed them).

Defendant's request for records is handled much the same way as a request for transcripts. "Courts have denied requests for trial transcripts and pretrial records for failure to meet the standard announced in *MacCollom*, 426 U.S. at 327, and followed in *Sistrunk*, 992 F.2d at 259." *United States v. Lewis*, No. 94-3158, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (citing *United States v. Chambers*, 788 F. Supp. 334 (E. D. Mich. 1992) (denying motion for free record for failure to set forth sufficiently specific factual allegations)).

Defendant reasons that the record documents and transcripts requested will "reflect [p]etitioner's claim of his actual innocence and support fully his counsel's ineffective assistance which is the bases [*sic*] of Mr. Eatman's request for documents." (Doc. 95 at 3.) However, defendant does not provide with specificity why he believes these particular documents and transcripts will assist him with his filings. Further, defendant has not yet filed a motion under 28

U.S.C. § 2255, which is the proper avenue for claims of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). This circuit has held that a § 2255 motion must be on file to "trigger the statute that explicitly grants indigent habeas corpus petitioners documents or parts of the record without cost." *Lewis*, 1994 WL 563442, at *1 (citing *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278–79 (5th Cir. 1970)) (internal quotation marks omitted).

Because there is no § 2255 motion on file with this court by defendant, and defendant's pending request does not specifically indicate how the records and transcripts will aid him in the filing of a § 2255 motion, this court denies his request at this time. The court does, however, authorize defendant's attorney, John Duma, to provide copies of any discovery material appropriate to provide to defendant, and the sentencing transcript to him at defendant's expense if defendant so requests. *Lacey*, 1999 WL 316904 at *2. If, however, defendant files a § 2255 motion and specifically requests a free copy of documents from the record and/or transcripts, indicating with particularity how these documents will aid him in furtherance of his § 2255 motion, the court would reconsider the request at that time.

**IT IS THEREFORE ORDERED** that defendant's Petition for Documents Without Prepayment (Doc. 95) is denied without prejudice.

**IT IS FURTHER ORDERED** that defendant's Letter to Clerk Requesting Discovery Pursuant to the Freedom of Information Act (Doc. 96) is denied.

Dated this 13th day of August, at Kansas City, Kansas.

s/ Carlos Murguia
CARLOS MURGUIA
United States District Judge