**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) Case Nos. | 07-20057-CM (Criminal) |
| ) | 12-2654-CM (Civil) |
| DEMARIO A. EATMAN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Presently before the court is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 99) filed pro se by defendant Demario A. Eatman. Defendant did not file a memorandum in support of his motion. Also before the court are defendant's motion requesting production of discovery material from counsel (Doc. 105) and motion for expansion of record (Doc. 106). For the reasons below, the court denies all three motions.

**I. Background**

Count 1 of the Indictment charged Defendant with being a felon in possession of a firearm. (Doc. 1.) On October 14, 2010, defendant pleaded guilty without a plea agreement to Count 1. (Docs. 77–78.) A presentence investigation report ("PSR") was prepared for defendant and identified that he qualified as an armed career offender. (Doc. 79.) Defendant's attorney, John Duma, filed objections to the PSR, several of which challenged whether defendant's prior felony convictions—including, specifically, a conviction for resisting arrest by fleeing from an officer—qualified as "crimes of violence." (*Id*.) Defendant's objections were denied. On February 8, 2011, this court sentenced

-1-

defendant to a term of imprisonment of 180 months, which was the mandatory minimum sentence he could receive based upon his status as an armed career offender.[1] (Docs. 84, 85, 92.)

On behalf of defendant, defendant's attorney appealed the court's decision, arguing that defendant should not be classified as an armed career offender. (Doc. 86.) The Tenth Circuit granted defendant's motion to delay briefing until the Supreme Court reached a decision in a pending case, *United States v. Sykes*, 598 F.3d 334 (7th Cir. 2010), *cert. granted*, 131 S. Ct. 63 (2010), *aff'd*, 131 S. Ct. 2267 (2011). *Sykes* presented the question of whether a conviction for resisting arrest via vehicular flight qualified as a violent felony. *Id.* The Tenth Circuit dismissed defendant's appeal on February 9, 2012. (Doc. 94.) Applying *Sykes*, the Tenth Circuit found that defendant was properly sentenced because his challenged conviction—even if it was merely for resisting an arrest for a felony crime— nonetheless qualified defendant as an armed career offender. (*Id.*) The Tenth Circuit issued a mandate on March 2, 2012. (*Id.*) Defendant did not file a writ of certiorari.

## II. General § 2255 Standards

A defendant is entitled to relief under 28 U.S.C. § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. "The standard of review of Section 2255 petitions is quite stringent," and "[t]he court presumes that the proceedings . . . were correct." *United States v. Illescas*, No. 04-20120-JWL, 05-3411-JWL, 2006 WL 1517760, at *1 (D. Kan. May 26, 2006) (quoting *United States v. Nelson*, 177 F. Supp. 2d 1181, 1187 (D. Kan. 2001) (citations omitted)). "To prevail, [the] defendant must show a defect in the proceedings which resulted in a complete miscarriage of justice." *Id.* (citation omitted).

---

[1] Under the Armed Career Criminal Act, persons who commit certain crimes and have three previous convictions for violent felonies committed "on occasions different from one another" are subject to a fifteen-year minimum sentence. 18 U.S.C. § 924(e)(1).

-2-

**III. Discussion**

    **a. Ground One: Guilty Plea Was Not Knowingly, Voluntarily, and Intelligently Made**

Defendant first argues that his guilty plea was not knowingly, voluntarily, and intelligently made. Defendant contends that his attorney made false promises and representations that defendant would not receive a sentence greater than 10 years, or 120 months. Defendant claims that he would not have pleaded guilty and would have insisted on going to trial if he had not relied on the false promises allegedly made by his attorney.

Although the court has a specific recollection of this change of plea hearing, the court has reviewed its notes for completeness in deciding this motion. The petition to enter a guilty plea and the court's recollection of the change of plea colloquy both contradict defendant's claim. The petition explicitly states that defendant's lawyer informed him that "[t]he maximum penalty is 10 years **unless the court determines that the defendant has three prior serious drug offenses or violent felonies or a combination of three therof [sic] as set out in 18 U.S.C. sec 924(e)(1).**" (Doc. 78 at 2 (emphasis added).) This section was marked with an asterisk, was written in a typeface different from the rest of the petition, and was set off from the rest of the text. Further, the petition stated that defendant acknowledges that he will be asked questions about his offense, and that his answers will be made "under oath, on the record, and . . . that [his] answers may later be used against [him] in a prosecution for perjury or false statement." (*Id*.) The petition also stated that defendant had "read, understood, and discussed with [his] attorney, each and every part of this Petition to Plead Guilty . . . and that the answers . . . are true and correct." (*Id*. at 5.) Finally, the petition states that defendant's plea is made "**freely and voluntarily**" and that it is "**not the result of any force or threats against me, or of any promises made to me other than those noted in this petition**." (*Id*. at 4 (emphasis added).)

The change of plea colloquy also contradicts defendant's claim. Just as is common practice at any change of plea hearing, the court asked defendant if he understood that he could receive a term of imprisonment of (in this case) not more than 10 years, or 120 months. Defendant said he understood this. But the court also asked defendant whether he understood that if he had three previous convictions for either a violent felony or a serious drug offense or both, then his term of imprisonment would be not less than (in this case) 15 years imprisonment, or 180 months. Defendant stated that he understood. Like in all cases, the court questioned defendant whether anyone had forced or threatened him in order to get him to plead guilty, and defendant said no. Defendant was also asked, and responded in the affirmative, if he had entered his plea of guilty freely and voluntarily and of his free will. Finally, the court asked defendant whether he was entering his plea of guilty only because he was in fact guilty of the offense charged. Again, defendant said yes.

Defendant cites the case of *Blackledge v. Allison*, 431 U.S. 63 (1977), in support of his claim that his guilty plea was not knowingly, voluntarily, and intelligently made. But unlike the "sketchy record" in *Blackledge* upon which the Court based its decision, the record here directly refutes defendant's claim. *See Lasiter v. Thomas*, 89 F.3d 699, 702–03 (10th Cir. 1996) (discussing *Blackledge* and noting that in North Carolina courts at that time, plea bargaining was not well-established and very little record was made of guilty plea hearings). The Tenth Circuit "has interpreted *Blackledge* to permit summary disposition of habeas corpus petitions based on claims of unkept promises and misunderstanding when the court record refutes the claims." *Id*. at 703. And an evidentiary hearing on the voluntariness of a plea is not required when a defendant's statements during the plea colloquy contradict the defendant's claims. *Gaskey v. Hartley*, 280 F. App'x 746, 748 (10th Cir. 2008) (citation omitted). Based on the above-cited portions of the petition to enter a guilty plea and the court's recollection of the plea colloquy, the record shows conclusively that the defendant's

plea was made freely and voluntarily and with full understanding of its consequences. Defendant's first ground for relief is denied and an evidentiary hearing is not required.

### b. Ground Two: Ineffective Assistance of Counsel

Defendant's second stated ground for habeas relief is an ineffective assistance of counsel claim. Defendant claims that his attorney coerced him into pleading guilty based on his attorney's inadequate pretrial examination of the facts, erroneous conclusions of law, and false promises.

In analyzing a habeas petitioner's claim for ineffective assistance of counsel, the court applies the general standard set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner must meet a two-prong test. First, he must demonstrate that his attorney's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court gives considerable deference to an attorney's strategic decisions and strongly presumes that the attorney has provided adequate assistance and made all significant decisions using reasonable professional judgment. *Id*. at 690. Second, a habeas petitioner must show that he was prejudiced by trial counsel's deficient performance, which requires that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Further, in deciding an ineffective assistance of counsel claim, the court is not required to address both prongs of the test if one prong is not met. *Id*. at 697.

Defendant's motion argues that his counsel's pretrial examination of the facts and evidence was inadequate. His motion also argues that his counsel's reliance on pending law was deficient. And defendant again argues that his counsel coerced him into pleading guilty. Defendant filed a reply; however, it was not signed under penalty of perjury.[2] Thus, the court need not consider defendant's

---

[2] In his reply, defendant argues that one of his previous attorneys told him that DNA evidence in the case was conclusively that of a female, and that the eyewitnesses only identified "the wearer of the cup [sic]" and not defendant.

-5-

reply because defendant must swear or affirm to it. *See* Rule 2(b)(5) of Rules Governing Section 2255 Proceedings; *see also United States v. Hagan*, Nos. 07-10180-01-WEB, 11-1047-WEB, 2011 WL 720808, at *1 (D. Kan. Feb. 22, 2011) (noting that a defendant must swear or affirm to a § 2255 motion).

Even if the court did consider his reply, defendant's conclusory claims fail. Defense counsel filed a motion in limine (Doc. 74) and a motion for discovery (Doc. 75) that indicate he had reviewed the evidence in defendant's case. Defense counsel also made multiple objections to the PSR. These actions do not show that defense counsel's performance was deficient or unreasonable.

Defendant also argues that the DNA evidence was not as strong as his defense counsel represented, and (in his reply) he argues that his former counsel told him it was conclusively that of a female. But defendant fails to show prejudice as to the DNA evidence—a review of the court's notes reveals that the government did not cite the DNA evidence at the change of plea hearing when it discussed the evidence it would present if the case proceeded to trial. Thus, it is uncertain whether the government would even introduce the DNA evidence.[3] Although the government did mention the eyewitnesses, the government also noted that video surveillance showed the suspect wearing the same clothing worn by defendant at the time of his arrest. And the government stated that the firearm was found (although some four months later) only a short distance from where defendant was taken into custody. At the hearing, defendant agreed that the government had the stated evidence against him and that he had possessed the firearm inside the store. Defendant's argument in his reply about the eyewitnesses only being able to identify "the wearer of the cup [sic]" is hardly clear. (Doc. 108 at 3.)

---

(Doc. 108 at 3–4.) Thus, defendant argues that he "never found [his counsel's] assessment of the facts to be completely plausible . . . ." (*Id.* at 3.) He also argues that the only reason he pleaded guilty was based on his counsel's representation that there was DNA evidence and eyewitnesses linking defendant to the scene of the crime. Defendant argues that if his counsel had requested disclosure of this evidence and reviewed it, then it would be obvious that defendant did not commit the crime.

3   The government's response does mention the DNA evidence, however. (Doc. 103 at 12.)

Regardless, defendant has not shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different as the video surveillance and other evidence also tied defendant to the scene.

Defendant has not shown that his defense counsel's review of the facts and evidence was deficient. Based on defense counsel's actions in filing a motion in limine, a motion for discovery, and objecting to the PSR, the court has no basis to find that defense counsel did not review the evidence or was deficient in any manner. And defendant fails to show prejudice as the government did not mention the DNA evidence at the change of plea hearing and there is other weighty evidence tying defendant to the scene.

As to defendant's claims that his attorney coerced him into pleading guilty based on faulty legal conclusions and/or false promises, the change of plea hearing and the petition to enter a plea of guilty both contradict defendant's claim. In addition, defense counsel appealed defendant's case to the Tenth Circuit while *Sykes* was still pending before the Supreme Court.[4] Up until the time *Sykes* was decided, there was a legitimate argument that one of defendant's convictions might not qualify as a violent offense. Regardless, the record shows that defendant was aware that if all of his convictions qualified as violent offenses, then he would be subject to the mandatory minimum sentence that he did receive. Thus, defendant has failed to show that his attorney was deficient or that he was prejudiced, as he was aware that he may be subject to the mandatory minimum sentence of 180 months and he still chose to enter a plea of guilty. Defendant's second ground for relief is denied.

**III.  Evidentiary Hearing**

A court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v.*

---

[4] After *Sykes* was decided, defense counsel found no non-frivolous issues for appeal and submitted an *Anders* brief and a motion for leave to withdraw as counsel. (Doc. 94 at 3); *Anders v. California*, 386 U.S. 738 (1967).

*Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (internal quotation marks omitted) (quoting 28 U.S.C. § 2255). "A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact." *United States v. Cervantes-Samaniego*, Nos. 07-20099-JWL, 11-02486-JWL, 2012 WL 1788141, at *1 (D. Kan. May 17, 2012) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (citations omitted).

Defendant has not shown that an evidentiary hearing is warranted in this case. The change of plea colloquy—as well as defendant's petition to enter a plea of guilty—show that plaintiff's guilty plea was knowingly, voluntarily, and intelligently made. And defendant similarly fails to show that his defense counsel was deficient or that he was prejudiced. Defendant's request for an evidentiary hearing is denied.

## IV. Certification of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

## V. Motion for Production of Discovery Material from Counsel (Doc. 105) and Motion for Expansion of Record (Doc. 106)

Defendant's motion for production of discovery material from counsel asks that the court require defendant's former counsel, John Duma, to produce "[a]ll discovery that counsel has in his possession." (Doc. 105 at 1.) Defendant's motion for expansion of record asks the court to expand the record to include affidavits and discovery of DNA evidence.[5] Because defendant's § 2255 motion is denied and all claims therein resolved on the record, defendant's motion for production of discovery material from counsel (Doc. 105) and motion for expansion of record (Doc. 106) are denied as moot. *See United States v. Nelson*, 984 F. Supp. 1368, 1374 (D. Kan. 1997) (denying the defendant's motion for discovery as moot after denying the defendant's § 2255 motion).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 99) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that defendant's Motion for Production of Discovery Material from Counsel (Doc. 105) is denied as moot.

**IT IS FURTHER ORDERED** that defendant's Motion for Expansion of Record (Doc. 106) is denied as moot.

Dated this 27th day of September, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**

---

[5] Defendant does not attach any affidavits to his motion, and he does not indicate what affidavits he would like the record to be expanded to include. Defendant states only that he "believe[s] the inclusion of affidavits would be of relevance to the determination of the merit of the petition" and that the affidavits would be relevant "[d]ue to the allegations raised in the petition, i.e., those of credibility, affidavits-though not conclusive, are appropriate and helpful." (Doc. 106 at 1.)

Rule 7 of the Rules Governing Section 2255 Proceedings states that the court may—if the court does not summarily dismiss the § 2255 motion—direct the parties to expand the record to include additional materials relevant to the motion. But defendant fails to indicate what affidavits he wishes to include in the record, and he fails to indicate how the affidavits would assist the court in determining the merits of defendant's motion. As for the DNA evidence, the government (as described above) did not include the DNA evidence when detailing the evidence it planned to use should the case go to trial.

**United States District Judge**